IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY M. VALES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | 2:04cv1292 filed at |
| ) | 2:98cr25 |
| UNITED STATES OF AMERICA, ) | **Electronic Filing** |
| ) | |
| Respondent, ) | |

MEMORANDUM ORDER

May 9, 2006

I.   INTRODUCTION

Movant Timothy M. Vales ("Movant" or "Vales"), a federal prisoner proceeding *pro se*, filed a motion to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255. The United States of America (the "Government"), responded arguing that the motion was a "second or successive" motion under § 2255, not authorized by the Court of Appeals, and must be dismissed. Vales replied, arguing that the Court should view his motion not as a successive § 2255 petition, but as a motion pursuant to Rules 60(b)(3) and 60(b)(6) of the Federal Rules of Civil Procedure regarding relief from judgment orders.

II.   STATEMENT OF THE CASE

On May 19, 1998, Vales pleaded guilty to two counts of Bank Fraud in violation of 18 U.S.C. § 1344. He was sentenced at each count to thirty-seven (37) months imprisonment followed by five (5) years of supervised release by United States District Court Judge Donald J. Lee on August 18, 1998. The sentences were to run concurrently.

On August 20, 1999, Vales filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The motion was denied by Judge Lee on March 22, 2000. Judge Lee further ordered that no certificate of appealability be issued because Vales had not made a substantial showing of denial of a constitutional right.

Vales was released from Federal Bureau of Prisons and began serving his supervised

release sentence on August 14, 2002. On November 22, 2002, a criminal complaint was filed charging Vales with Bank Fraud. A warrant was issued for his arrest, and Vales was subsequently arrested on December 20, 2002.

On December 24, 2002, the United States Probation Office filed a Petition on Supervised Release, and sought to revoke Vales' supervised release on the grounds set forth in the criminal complaint. The revocation proceedings were stayed by the Court pursuant to the parties' requests pending the outcome of the new federal charges.

On January 14, 2003, a federal grand jury returned a two-count indictment at Criminal No. 03-14, charging Vales with Bank Fraud in violation of 18 U.S.C. § 1344(1). Vales entered a plea of guilty to the indictment on September 26, 2003, and on February 27, 2004, Vales was sentenced by United States District Judge Gary L. Lancaster to 27 months imprisonment, to be followed by five years of supervised release, and ordered to pay restitution.

On March 11, 2004, a supervised release revocation hearing was held in the instant case before United States District Judge David Stewart Cercone.[1] Based on his conviction at Criminal No. 03-14, Vales did not contest the violation of his supervised release. On March 12, 2004, Judge Cercone sentenced Vales to 33 months imprisonment to be served consecutively to the sentence imposed by Judge Lancaster at Criminal No. 03-14.

Vales then filed a motion to vacate, set aside or correct his sentence for violation of the terms of his supervised release pursuant to 28 U.S.C. § 2255. Vales challenges the legality of his sentence on three (3) grounds: (1) the increase from a Grade B violation to a Grade A violation violated his rights under the Due Process clause; (2) the sentence imposed for his violation created a disparity in sentencing; and (3) the Court failed to consider available case law and fully take into account the totality of the circumstances, resulting in an unfair sentence. The Government argues that Vales' motion must be dismissed as a "second or successive" motion under § 2255 which has not been authorized by the Court of Appeals.

---

[1] Criminal No. 98-25 was transferred to Judge Cercone following Judge Lee's retirement.

### III. LEGAL STANDARD

The grounds for collateral attack of a sentence pursuant to § 2255 are narrowly limited. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *see also United States v. Addonizio*, 442 U.S. 178, 184 (1979). Section 2255 does not embrace all claimed errors in conviction and sentencing, and where the claimed error is not jurisdictional or constitutional, the scope of collateral attack is much more limited. *United States v. Addonizio*, 442 U.S. at 185. Relief under § 2255 is available "only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989), *citing Hill v. United States*, 368 U.S. 424, 428 (1962).

To provide collateral relief, an error of law must constitute a fundamental defect resulting in a "complete miscarriage of justice," an omission that is "inconsistent" with rudimentary demands of fair procedure, or an "exceptional circumstance." *United States v. Addonizio*, 442 U.S. at 185; *United States v. Timmreck*, 441 U.S. 780, 783 (1979). Further, errors of fact will not provide a basis for relief unless "'the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid.'" *United States v. Addonizio*, 442 U.S. at 185-86 (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)).

When a petitioner presents a second or successive § 2255 motion, the court of appeals can certify the motion for review by the district court if it finds the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3).

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (the "AEDPA") provides that federal prisoners who have previously filed habeas motions must first obtain leave from the court of appeals to file the second or successive motion in district court. *See* 28 U.S.C. § 2255. The AEDPA, however, does not define the terms "second or successive." A § 2255 motion is classified as second or successive if a prior § 2255 motion, challenging the same conviction and sentence, has been decided on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (holding that a habeas petition filed in the district court after an initial habeas petition was unadjudicated [sic] on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition).

The Supreme Court, the Court of Appeals for the Third Circuit, as well as many of the circuit courts of appeal, have interpreted the term of art, "second and successive," as derivative of the "abuse-of-the-writ" doctrine developed in pre-AEDPA cases. *See, e.g., Felker v. Turpin*, 518 U.S. 651, 664 (1996) (stating that § 2244(b) is an evolutionary extension of the abuse of the writ doctrine); *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005)(The abuse of the writ doctrine dictates that we should treat the term "second and successive" as a term of art, which is not to be read literally); *Calderon v. United States Dist. Court*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc) ("Abuse of the writ evolved as a judicially created equitable doctrine, but it is now codified by the AEDPA" at § 2244(b)); *Crouch v. Norris*, 251 F.3d 720, 723-25 (8th Cir. 2001) (applying abuse-of-the-writ principles to assess prisoner's challenge to the execution of his sentence); *Muniz v. United States*, 236 F.3d 122, 127 (2d Cir. 2001) (defining "second or successive" "with reference to the equitable principles underlying the 'abuse-of-the-writ' doctrine"); *Reeves v.*

4

*Little*, 120 F.3d 1136, 1139 (10th Cir. 1997) (per curiam). An "abuse-of-the-writ" occurs when a petitioner raises a habeas claim that could have been raised in an earlier petition were it not for inexcusable neglect. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). "The abuse-of-the-writ doctrine [has] concentrated on a petitioner's acts to determine whether he has a legitimate excuse for failing to raise a claim at the appropriate time." *Id.* at 490.

A prisoner's habeas application, therefore, is not second or successive "simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam). The doctrine does, however, bar claims that could have been raised in an earlier habeas corpus petition. *McCleskey v. Zant*, , 499 U.S. at 493-95; *Wise v. Fulcomer*, 958 F.2d 30, 34 (3d Cir. 1992). A subsequent petition that challenges the administration of a sentence is clearly not a "second or successive" petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition. *See Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003); *Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002); *In re Cain*, 137 F.3d at 236.

Here, Vales was sentenced at Criminal No. 98-25 on August 18, 1998, and filed his first motion under § 2255 on August 20, 1999. The motion was denied on the merits by Judge Lee on March 22, 2000. The conduct for which Vales' supervised release was revoked occurred after he began serving his supervised release on August 14, 2002. A criminal complaint charging Vales with Bank Fraud was filed on November 22, 2002, a warrant was issued for his arrest, and Vales was arrested on December 20, 2002. Based on this conduct, a supervised release revocation hearing was held, and on March 12, 2004, Vales was sentenced to thirty-three (33) months imprisonment for violating the terms of his supervision[2].

---

[2] Several of our sister circuits have acknowledged that punishment for a violation of supervised release is separate from punishment for the underlying conviction. *See United States v. Wirth*, 250 F.3d 165, 170 n.3 (2d Cir. 2001)(Discussing whether the combined sentence for violation of supervised release and the sentence on the underlying offense may exceed the statutory maximum of the underlying offense); *see also United States v. Colt*, 126 F.3d 981,

A petitioner has been permitted to challenge the administration of a sentence in a subsequent habeas petition in instances where the challenged conduct has occurred subsequent to the filing of the earlier petition. Vales is challenging a sentence based upon conduct that occurred more than two (2) years after his first habeas petition. In *Crouch v. Norris, supra.*, for instance, the Eighth Circuit found that the petitioner was unable to raise his parole-related claims in his first habeas petition because "his first parole denial was dated November 23, 1998, some ten months after he filed his § 2254 petition." *Crouch v. Norris*, 251 F.3d at 724; *see also James v. Walsh*, 308 F.3d 162 (2d Cir. 2002) (claim challenging the incorrect application of petitioner's credit for time served had not arisen when petitioner filed his first habeas petition); *Hill v. Alaska*, 297 F.3d at 898 (finding the habeas petition was not successive because the district court had not previously addressed Hill's challenge to the calculation of his parole date on the merits and because those claims could not have been included in earlier petitions challenging his conviction and sentence); *In re Cain*, 137 F.3d at 236 (emphasizing that the petitioner could not have challenged the prison disciplinary board's decision to strip him of his good time credits in his earlier petitions).

Clearly, Vales' current challenge to the legality of his sentence for violating the provisions of his supervised release is based upon claims that could not have possibly been included in his first petition filed in August of 1999. The Court, therefore, finds that Vales' motion to vacate, set aside or correct his sentence for violation of the terms of his supervised release pursuant to 28 U.S.C. § 2255 is not a "second or successive" motion subject to

---

982-83 (7th Cir. 1997); *United States v. Robinson*, 62 F.3d 1282, 1285 (10th Cir. 1995); *United States v. Wright*, 2 F.3d 175, 179-80 (6th Cir. 1993); *United States v. Purvis*, 940 F.2d 1276, 1279 (9th Cir. 1991)); *United States v. Jamison*, 290 U.S. App. D.C. 83, 934 F.2d 371, 373 (D.C. Cir. 1991); *United States v. Williams*, 919 F.2d 266, 272 (5th Cir. 1990).

authorization by the Court of Appeals. The Court shall address the motion on its merits[3].

    A.    <u>Vales' Reliance on the Miscalculation of the Guideline Range</u>

In a letter dated August 14, 2003, the Assistant United States Attorney ("AUSA") provided the Assistant District Attorney of Allegheny County ("ADA") with an estimate of Vales' sentencing range based upon his conduct at Criminal No. 3-14 and the resulting violations. The AUSA mistakenly listed the sentencing range for Vales' supervised release violation as 21 to 27 months based upon a Grade B violation. *See* Vales' Memorandum of Law, Exhibit 1. The letter was copied to Vales' attorney, Thomas Livingston. Vales contends that he relied upon this statement of the sentencing range and, because he received no notice of the "increase of grading," he was denied due process.

On January 14, 2003, a federal grand jury returned a two-count indictment at Criminal No. 03-14, charging Vales with Bank Fraud in violation of 18 U.S.C. § 1344(1). The penalties for violation of § 1344 includes imprisonment of not more than thirty (30) years and a fine of not more than $1,000,000. Section 7B1.1(a)(1) of the United States Sentencing Guidelines specifically states that conduct constituting any "federal . . . offense punishable by a term of imprisonment exceeding twenty years" is a Grade A violation. *See* U.S.S.G. §7B1.1(a)(1). At the time of Vales' sentence at Criminal No. 98-25, he had a criminal history category of VI. *See* Judgment of Sentence dated August 19, 1998 (Document No. 26). Based on a Grade A violation and a criminal history category of VI, the guideline range for Vales' violation was 33-41 months. *See* U.S.S.G. §7B1.4.

At the time of his revocation hearing in March of 2004, Vales was represented by counsel who was familiar with the Sentencing Guidelines, and therefore had no reason to rely upon a miscalculation of the guideline range made by the Government in August of 2003. Moreover,

---

[3]    Based on this finding, the Court finds no reason to address the argument made by Vales in his Reply that the challenge to his sentence is made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and not pursuant to § 2255.

the Court held a sentencing hearing on March 12, 2004, and Vales had every opportunity to be heard on the issue. The Court finds that Vales due process claim is without merit.

### B. Vales' Claim of a Disproportionate Sentence

Vales also argues that his sentence was disproportionate to similarly situated defendants sentenced for supervised release violations who also had underlying bank fraud convictions. Vales contends that his 33 month sentence ordered to run consecutive to a 27 month sentence imposed at Criminal No. 3-14 was exceptional. The Court disagrees.

As above noted, the sentence was clearly within the Sentencing Guidelines, and in fact was at the low end of the range. Moreover, under § 7B1.3(f), the Guidelines specifically state:

> Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving . . .

U.S.S.G. § 7B1.3(f). Clearly, the sentence was proper under the United States Sentencing Guidelines. Vales contention here does not rise to the level of a fundamental defect resulting in a "complete miscarriage of justice." His claim, therefore, is without merit.

### C. The Court Considered All Relevant Factors

Vales argues that this Court failed to consider available case law and take into account the totality of the circumstances in imposing sentence for Vales' violation of supervised release. Again, Vales claim has no merit. This Court considered all relevant factors in sentencing, gave Vales a full and fair hearing, and properly applied the law and the Guidelines in fashioning an appropriate sentence.

### V. CONCLUSION AND ORDER OF COURT

Based on the foregoing, Vales' motion to vacate, correct or set aside sentence pursuant to 28 U.S.C. §2255, must be denied. Because Vales has not made a substantial showing that he has

been denied a constitutional right, a certificate of appealability shall not issue. Accordingly,

### ORDER OF COURT

AND NOW, upon consideration of the Motion to Vacate, Correct or Set Aside Sentence Pursuant to 28 U.S.C. §2255 (**Document No. 88**) filed on behalf of Timothy M. Vales, the Government's response thereto, and in accordance with the accompanying memorandum,

IT IS HEREBY ORDERED that the motion is **DENIED**. Because Vales has not made a substantial showing of a denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that Vales' Motion to be Furnished Copies of Transcripts from Supervised Release Proceedings (**Document No. 90**) is **DENIED**. The Clerk shall mark this case closed.

                                                s/ David Stewart Cercone
                                                David Stewart Cercone
                                                United States District Judge

cc:    Timothy Milton Vales
        GE-5144
        SCI Camp Hill
        P. O. Box 200
        Camp Hill, PA 17001-0200

        Luke E. Dembosky, AUSA